IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TEAM REAL ESTATE
MANAGEMENT
agent of Sage Pointe Apts,

          Plaintiff,

    v.

CHELSEA SMITH
and All Other Occupants,

          Defendant.

CIVIL ACTION FILE NO.

NO. 1:14-CV-02596-WSD-JFK

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant Chelsea Smith's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.    Background Facts

Plaintiff Team Real Estate Management, the agent for Sage Pointe Apartments, the owner of the real property commonly known as 4560 E. Ponce De Leon Avenue, Apt. A-12, Clarkston, Georgia, filed a dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia, on or about July 21, 2014, against Defendant Chelsea Smith and all others for failure to pay rent now due.  [Doc. 1-1 at 4, Dispossessory Warrant].  On August 12, 2014, Defendant filed a notice of removal from the Magistrate Court of DeKalb County, Georgia.  [Doc. 1-1].

## II.    Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").  "[I]n removal

2

cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Smith bases her removal on federal question jurisdiction. [Doc. 1-1]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted).  Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff, Team Real Estate Management, relied exclusively on state law when it filed a dispossessory proceeding in the DeKalb County Magistrate Court.  [Doc. 1-1 at 4].  A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50.  See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81,

3

84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq.*'") (citation omitted) (emphasis added).   In her Petition for Removal, Defendant alleges that removal is proper on the basis of federal question jurisdiction; she claims that Plaintiff's dispossessory proceeding violated Defendant's rights under the United States Constitution and under various federal statutes.[1]   [Doc. 1-1].   However, no federal question is presented on the face of Plaintiff's well-pleaded complaint.  [Doc. 1-1 at 4].  There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  Caterpillar, 107 S. Ct. at 2430.  For these

---

[1]Defendant does not contend that the court has jurisdiction on the basis of diversity, and there is no evidence of complete diversity of citizenship between the parties.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). And, even if Defendant argued that there is complete diversity of citizenship between the parties, Defendant cannot rely on her counterclaim [Doc. 1-1 at 5-7] to establish the required amount in controversy for the court to exercise diversity jurisdiction. Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate.  Burns, 31 F.3d at 1095.  "[T]he status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal[,] . . . [t]herefore, the claims as asserted by the defendant are not to be considered when determining the propriety of removal."  Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (emphasis in original).

4

reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

**III.    Conclusion**

Accordingly, because Defendant Chelsea Smith has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 19th day of August, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)