IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TEAM REAL ESTATE
MANAGEMENT, agent of Sage
Pointe Apts.,

                    Plaintiff,

v.

CHELSEA SMITH, and all other
occupants,

                    Defendant.

1:14-cv-2596-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

I.    **BACKGROUND**

On July 21, 2014, Plaintiff Team Real Estate Management, as agent of Sage Pointe Apartments ("Plaintiff"), initiated a dispossessory proceeding against its tenant, Defendant Chelsea Smith ("Defendant"), in the Magistrate Court of DeKalb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and past due rent, fees and costs.

---

[1] No. 019313.

On August 12, 2014, Defendant, proceeding *pro se*, removed the DeKalb County Action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  She claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6," and the Due Process Clause of the Fourteenth Amendment.  (Notice of Removal at 1-2).

On August 18, 2014, Magistrate Judge King granted Defendant's application to proceed IFP.  Judge King also considered *sua sponte* the question of subject matter jurisdiction and recommends that the Court remand this case to the Magistrate Court of DeKalb County.

Judge King found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which Defendant contends violates federal law.  Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge King concluded that the Court does not have federal question jurisdiction over this matter.  Judge King also found that, even if she could show that the parties' citizenship is completely diverse, Defendant fails to show that the

amount in controversy exceeds $75,000.  Judge King concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

Defendant does not object to the R&R's conclusions that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not found any error in these conclusions.  It is well-settled that

federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

---

[2]     Even if subject-matter jurisdiction existed, the Court is unable to grant

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED.** This action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 19th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.